IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30404
Summary Calendar
_____

DAVID BOUDREAUX, SR.,

                                        Plaintiff-Appellant,

versus

R.L. PEABODY; R. RITCHIE; R. DREETS;
D. RABALAIS; G. TEMPLETON,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 95-CV-797-A
- - - - - - - - - -
June 10, 1997
Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:*

    David Boudreaux, Sr., Louisiana prisoner #72912, moves this

court for leave to appeal in forma pauperis (IFP) under the

Prison Litigation Reform Act of 1995 (PLRA) in his appeal from

the district court's dismissal of his civil rights complaint for

failure to comply with an order of the court to pay a partial

_____

    * Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

filing fee.  See Fed. R. Civ. P. 41(b).  Boudreaux's motion for leave to proceed IFP is GRANTED.

The PLRA requires a prisoner appealing IFP in a civil action to pay the full amount of the filing fee, $105.  28 U.S.C § 1915(b)(1).  As Boudreaux does not have funds for immediate payment of this fee, he is assessed an initial partial filing fee of $5.59 pursuant to § 1915(b)(1).  Following payment of the partial filing fee, funds shall be deducted from Boudreaux's prisoner account until the full filing fee is paid. § 1915(b)(2).

IT IS ORDERED that Boudreaux authorize the appropriate prison authorities to withdraw the initial partial filing fee from his trust fund account in accordance with the procedures required by the prison and to forward payment of the initial partial filing fee to the Clerk of the U.S. District Court for the Middle District of Louisiana.  IT IS FURTHER ORDERED that the agency having custody of Boudreaux's inmate account shall forward payments from his account to the Clerk of the District Court for the Middle District of Louisiana each time the amount in the account exceeds $10 until the filing fees are paid in accordance with 28 U.S.C. § 1915(b)(2).

Boudreaux argues that the district court abused its discretion in ordering him to pay a partial filing fee of $5.50 and in dismissing his complaint for failure to comply with the court's order to pay the filing fee.  Boudreaux contends that he

was unable to comply within the twenty-day period specified in the order because the prison would not release funds in his account without an original cost notice from the district court. He argues that he filed a motion to obtain the original cost notice and a motion for an extension of time to comply with the order but that the court did not rule on his motions.

Boudreaux has not demonstrated that the district court abused its discretion in ordering that he pay a partial filing fee. Prows v. Kastner, 842 F.2d 138, 140 (5th Cir.), cert. denied, 488 U.S. 941 (1988).

Although the district court's order of dismissal was without prejudice, because the applicable one-year prescriptive period has lapsed, the dismissal effectively was a dismissal with prejudice. See Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989); La. Civ. Code Ann. art. 3492 (West 1994). A Rule 41(b) dismissal with prejudice will be affirmed if the "case discloses both 1) a clear record of delay or contumacious conduct by the plaintiff, and 2) that a lesser sanction would not better serve the best interests of justice." McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988). There is not a clear record of delay or contumacious conduct in this case. Because the record does not show that the district court either employed lesser sanctions that proved futile or made express findings concerning the inadequacy of lesser sanctions, see McNeal, 842 F. 2d at 793, the district court abused its discretion in dismissing under Rule

41(b).  <u>See</u> <u>Berry v. CIGNA/RSI-CIGNA</u>, 975 F.2d 1188, 1192 (5th Cir. 1992).  Accordingly, the dismissal is VACATED and the case is REMANDED for further proceedings.

IFP GRANTED; VACATED AND REMANDED.